[No. 14330.   Department One.   January 21, 1918.]

J. V. SHEPARD, *Respondent*, v. H. V. WEXLER, *Appellant*.[1]

SALES — CONDITIONAL SALES — REMEDIES OF SELLER — ACTION FOR POSSESSION. Where, upon failure to pay for a pump, the seller brought an action to recover possession under the terms of the contract, attached to and made a part of the complaint, the action is upon the contract and not for a rescission thereof.

SALES—CONDITIONAL SALES—RIGHTS OF PURCHASER. Upon sale of a pump by conditional sales contract retaining title in the vendor, if the pump failed to meet the warranty and no part of the purchase price was paid, the vendee must either surrender possession or accept it and avail himself of rights for breach of warranty.

SALES—CONDITIONAL SALES—REMEDIES OF VENDOR—DEFENSES. Under a conditional sales contract for a pump requiring the vendee to pay freight charges and charge to the account of the seller, the seller is not in default by reason of the vendee's payment of freight and such payment is not a defense to an action of replevin brought by the vendor upon the vendee's failure to accept the pump or pay the price.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered December 29, 1916, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Edward A. Davis*, for appellant.

*M. L. Driscoll, Geo. B. Cole*, and *John Wesley Dolby*, for respondent.

MAIN, J.—This was an action in replevin and was brought by the plaintiff, as assignee of George B. Adair & Son Company, for the purpose of recovering the possession of a pump. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law, and a judgment as prayed for in the complaint. The defendant appeals.

The facts are these: During the early part of the year 1914, George B. Adair & Son Company sold and delivered

[1]Reported in 170 Pac. 133.

to the appellant a pump which was installed upon the latter's farm near Pasco, Washington. The contract was one of conditional sale, and the vendor reserved the title to the property until the purchase price should be fully paid. The pump was used for the purpose of delivering water for irrigation purposes. After it was installed, the appellant claimed that it did not meet the requirements of the contract specifications in certain particulars, one of which was that it would not deliver the amount of water which the specifications called for. The vendor made repeated efforts to put the pump in such condition as to satisfy the appellant, but apparently failed in this. No part of the purchase price has at any time been paid. The appellant having declined to make payment, demand was made for possession, and the present action was instituted on or about the 15th day of July, 1915. The respondent gave a bond in replevin, and the appellant retained possession of the property upon a replevin bond.

The appellant, in his answer, pleaded a counterclaim for special damages, but, upon the trial, abandoned this claim. As here presented, the action, therefore, is one in replevin with the appellant denying the respondent's right to prevail.

If we understand the appellant's argument correctly, it is, first, that the action is one for rescission; and second, that, the action being one for rescission, the respondent cannot prevail because his assignor was in default in two particulars, viz.: (a) In that the pump would not deliver the amount of water specified; and (b) in that the appellant had not been reimbursed for the freight charges which he had advanced. The contention, or assumption, that the action was one for rescission is not well founded. A copy of the contract was attached to and made a part of the complaint, and recovery of the pump was sought under the terms of the contract. It was an action upon the contract and not an action to rescind. In *Eilers Music House v. Oriental Co.,* 69 Wash. 618, 125 Pac. 1023, where a like action was

brought, it was held to be "an action to enforce the contract, not to rescind it." What the respective rights and liabilities of the parties would be if the action were one to rescind is not, therefore, involved.

It would seem that nothing further need be said; but, in view of the fact that the appellant relies to some extent upon a previous decision of this court, we will inquire whether or not the respondent's assignor was in default under the contract.

As to the default claimed, in that the pump would not deliver the quantity of water specified, the case presents this situation: The pump was sold upon a conditional sale contract by which the vendor retained title until the full purchase price should be paid. The pump failed to meet the requirements of the specifications and the appellant declines either to accept the pump as complying with the contract or to surrender possession thereof. Since the title remained in the seller and no part of the purchase price had been paid, and the appellant refused to accept the pump as a compliance with the contract, it is difficult to see upon what ground the action could be defeated. It would seem that the appellant should either surrender possession or should accept the pump and avail himself of such rights in the way of damages or breach of warranty as the law gives. The case of *Gennelle v. Boulais*, 48 Wash. 310, 93 Pac. 421, is not controlling. In that case, personal property was sold upon a conditional sale contract. A large part of the purchase price had been paid as it became due under the terms of the contract. The seller's title to the property was defective. The purchaser was ready and willing to pay for the property, and tendered the last two payments upon the contract price conditioned upon his securing a good title. The assignee of the seller brought an action for the recovery of the property because of default in making the last two payments. It was there held that, since the failure to make the payments was caused by the fault of the vendor, in that the title was de-

fective, the possession of the property could not be recovered, "for a default on the part of the purchaser caused directly and primarily by the default of his own vendor."

But we think the doctrine of that case should not be applied to the facts of this case. The default here was the failure of the pump to deliver the quantity of water specified. No part of the purchase price had been paid and the purchaser had declined to accept the pump as the one contracted·for.

The other particular in which it is claimed that there was default was that the appellant had paid certain freight charges which, under the terms of the contract, the vendor was required to pay. The evidence as to the freight charges was objected to by the respondent and the objection sustained by the trial court.

The question then, here, is whether the appellant had a right to show the payment of the freight charges, not as a counterclaim or set-off, but as going to the right of the respondent to maintain the action. The contract provided that the pump and its equipment should be delivered to the appellant "f. o. b. cars Pasco, Washington," and that,

"If the purchase price covers and the delivery specified is other than f. o. b. factory you (purchaser) are to pay freights, charging same to our account."

Under this provision of the contract, the appellant was required to pay the freight and charge the same to the account of the seller. The vendor, therefore, was not in default under the contract by reason of the fact that the appellant had paid the freight. The objection to the testimony was properly sustained.

The judgment will be affirmed.

ELLIS, C. J., PARKER, and WEBSTER, JJ., concur.