DWYER PIANO CO. v. WHITE

---

(May 11, 1931. Opinion and Decree.)
(May 25, 1931. Rehearing Refused.)

---

Haban & Coleman, of New Orleans, attorneys for plaintiff, appellee.

Woodville & Woodville, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit to recover the balance of, the purchase price of a radio. Defendant admits the execution of the agreement and delivery of the machine, but denies liability on the ground that he offered to surrender the radio to plaintiff and forfeit the payments made on account of it as liquidated damages as provided by the contract.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The record shows that defendant purchased a radio and paid $65 on account of it, and then failed to pay any further installments. In response to plaintiff's written demand for payment of the installments as they matured, the defendant wrote a letter to plaintiff tendering delivery of the instrument and consenting to the forfeiture of the amount paid as liquidated damages, claiming to have the right to do so under the expressed provisions of the contract.

The relevant portion of the contract sued upon reads as follows:

"I hereby agree to purchase from the Dwyer Piano Company a R. C. A. Radiola Style 66 Number 106098 with aerial for which I agree to pay to the said Dwyer Piano Company, its order or assigns, in money of the highest standard, the sum of $269, as follows:

"$—— allowance for

"$40.00 cash and $20.00 on the 15th day of each month following until the entire purchase price is paid, it being understood and agreed that the installments of the purchase price shall bear interest at the rate of six (6%) per cent per annum from date hereof until paid.

"It. is further understood and agreed that in the event of any violation of this agreement or default in the payment of any of the installments as they mature, all the remaining installments shall at once become due and exigible. If claim for any amount due under this contract is placed in the hands of attorney for collection, 15% of the amount thereof shall be added as attorney's fees whether suit is filed or not.

"I further agree that in the event of any violation of this agreement, or default in the installment payments as they mature, the Dwyer Piano Company, its order or assigns, shall have the right to take possession of the instrument and retain all payments thereon as liquidated damages for breach of this agreement, and as payment for the use of the instrument."

Plaintiff contends that the last two paragraphs of the contract are to be construed together, and that the seller has the option to sue for the balance of the purchase price or to repossess the instrument and cause the purchaser to forfeit all payments as liquidated damages in the event the purchaser fails to pay as he agreed to do.

Defendant contends that, since the contract does not expressly state that the plaintiff shall have such an option, the second paragraph of the contract fixes the

defendant's sole liability in case he should fail to pay the installments as they fall due.

Article 1951, Rev. Civ. Code, reads as follows:

*"Effective Sense.*—When a clause is susceptible of two interpretations, it may be understood in that in which it may have some effect, rather than in a sense which would render it nugatory."

Article 1955, Rev. Civ. Code, provides:

*"Comparison of All Clauses.*—All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act."

To accept the interpretation placed by the defendant upon the language contained in the last above quoted paragraph of the contract would be to eliminate the clauses contained in the preceding paragraph of the contract. We are asked to place this interpretation upon the contract by the defendant because it does not contain the words "at the option of the seller" in reference to the clauses in question.

As we view the contract, the two provisions are not inconsistent with each other, and should be construed together so as to give both of them effect. We do not believe that the words "at the option of the seller," or words of similar import, were indispensable or sacramental, because, taking both clauses of the contract, it would appear to us that the parties intended that the seller should have the right either to claim the balance of the purchase price or repossess the radio and forfeit the payments as liquidated damages upon the failure of defendant to meet the installments as they matured.

The record shows that the instrument purchased was subject to rapid depreciation and serious damage if a purchaser did not take proper care of it or tinkered with it while it was in his possession. A purchaser who was guilty of carelessness in operating and preserving a radio, or who attempted experiments with its delicate and complicated mechanism, would cause very serious damage to it. To permit him to surrender the radio and forfeit the payments under such circumstances would be placing the seller at a serious disadvantage. We are assured that the very purpose of placing these provisions in the contract was to protect the seller from damages and loss that may result in such cases. We conclude that the language of the two clauses in question should be construed together, and that one clause is not exclusive of the other, but that the rights provided in them are to be exercised at the option of the seller.

Counsel for defendant has directed our attention to the case of Eilers Music House v. Oriental Co., 69 Wash. 618, 125 P. 1023, contending it is in point. While it deals with the same subject-matter as the case before us, it is not applicable. There the court enforced the clause of the contract giving the seller the right to repossess the machine and forfeit the payments as liquidated damages. The language of the contract in that case is not reported, and it is barren of any question concerning whether the seller shall have an option, as in the instant case.

For the reasons assigned, the judgment appealed from is affirmed.