[No. 1301.  Decided June 13, 1894.]

RATHBONE, SARD & COMPANY, *Respondent*, v. ROBERT FROST, *Appellant*.

### FRAUD — PLEADING — EXTENSION OF GUARANTY.

Although a pleading may not in direct terms allege fraud, yet, if the acts constituting the fraud are set forth, the pleading sufficiently alleges fraud to admit of proof thereunder.

In an action upon a written contract by defendant guaranteeing payment of all bills of merchandise which plaintiff might thereafter sell a third person, to which the defendant sets up the defense that on a certain date he executed a contract of guaranty for goods already sold to such third person; that thereafter plaintiff sent him another form of guaranty, claiming it to be the form generally used, which he was desired to sign and return, representing that such new guaranty was simply for the purpose of carrying out the original agreement and contract signed by defendant; and that relying upon said representations, without paying any attention to the form inclosed, defendant signed the new agreement and forwarded it to plaintiff, the same being the instrument set forth in plaintiff's complaint, evidence is admissible showing the receipt by defendant of a letter from plaintiff in regard to the substitution of another form of guaranty, in which it was alleged that "there is but little difference in the blanks, but we prefer to have our own regular forms," and that the original contract, which had been lost or retained by plaintiff, limited defendant's liability to the sum of $500 for a bill of merchandise sold, and that said indebtedness had been wholly paid.

In such a case it is erroneous to refuse defendant's request for a charge to the jury that plaintiff is not entitled to recover, if they

find that the original contract limited defendant's liability as guarantor to five hundred dollars and that the guaranty sued upon was obtained through the fraud and misrepresentation of plaintiff.

*Appeal from Superior Court, Thurston County.*

·  *W. I. Agnew,* for appellant.

*Richards, Murray & Pratt,* and *Robinson & Linn,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— The complaint in this case alleges that on the 30th day of August, 1888, at the city of Olympia, Territory of Washington, the defendant, in consideration of the sum of one dollar, to him in hand paid by the plaintiff, did, in writing, guarantee the payment at maturity to plaintiff of any and all bills of merchandise which the plaintiff might from time to time thereafter sell to George L. Jones upon such credits as might be agreed upon between the plaintiff and the said Jones, and without requiring any demand or notice of default; that the defendant's liability was by said writing limited to five hundred dollars; that plaintiff afterwards and prior to October 12, 1891, and on the faith of said guaranty, sold and delivered to said George L. Jones merchandise, consisting of hardware to the full amount of five hundred dollars, the purchase price of which, according to the terms of sale, was payable on delivery of the goods; further alleges demand of payment of Jones, and refusal by him to pay the same, and demands judgment against the defendant on his guaranty for five hundred dollars, and costs of the action.

The answer, among other things, alleges that some time shortly prior to the 30th day of August, 1888, the agent of plaintiff called upon the appellant, representing that he had sold to said Jones a bill of merchandise of the value of five hundred dollars, and desired the appellant to guarantee

payment of the same; that thereupon said agent drew up a guaranty to that effect, and appellant signed and delivered the same; that appellant's liability was limited in said instrument to the sum of five hundred dollars for goods already purchased by Jones of said respondent; that thereafter, on or about August 30th, appellant received by mail from the respondent another paper, accompanied by a letter of transmittal, wherein respondent represented to appellant that it desired his guaranty to be upon the form which it usually used, and desired him to sign the form inclosed and return the same to it, and represented that such new guaranty was simply for the purpose of carrying out the original agreement and contract signed by the appellant; that trusting and relying upon said representations, without paying any attention to the form inclosed, appellant signed the new agreement and forwarded it to respondent, which said second instrument is the same set forth in plaintiff's complaint; and alleges further that it was well understood and agreed by and between respondent and appellant that the original contract or guaranty was to be in no way modified, extended or enlarged, and that the bill of goods ordered by Jones to the amount of five hundred dollars, and for which the appellant became liable, had been wholly paid, and that thereupon the liability of defendant ceased.

Upon the trial of the cause the appellant offered evidence tending to show the character of the first guaranty and the circumstances under which the second guaranty was executed. The testimony offered was as follows:

"That the guaranty sued upon in this action was substituted for the original guaranty given by him in which his liability was limited to five hundred dollars; that the guaranty upon which suit is brought was given by Mr. Frost under the following representation, by inclosing the same by letter:

"'AUG. 25th, 1888.

"'*Robert Frost, Olympia, Wash. Ter.:*

"'DEAR SIR — We are in receipt of an order from our Mr. Trap-hagen for stoves to be shipped to Geo. L. Jones of your place, and we are also in receipt of your guaranty for the account of Mr. Jones up to $500. We would much prefer that you make out this guar-anty on one of our blanks, which we inclose herein for your signa-ture. We will hold the guaranty which we received through Mr. Traphagen until we receive this from you, when we will return it to you. There is but little difference in the blanks, but we prefer to have our own regular forms for our account in order to make everything more satisfactory.

"'Yours truly,         RATHBONE, SARD & CO., per —.'

"Further that the original guaranty for which the one sued on was given limited the liability of the defendant to the amount of five hundred dollars. Also that the original guaranty was never returned to defendant, but was lost or retained by the plaintiffs."

This testimony was objected to by the plaintiff, the ob-jection was sustained, and upon motion of the respondent the jury was instructed to find a verdict for the respondent.

In refusing to admit such testimony we think the court erred. The respondent objected to the introduction of the testimony on the ground that the affirmative allegations of the answer did not charge fraud on the part of re-spondent. While it is true the answer does not allege in terms that the respondent was guilty of fraud in obtaining the execuion of the second guaranty, yet if the facts which constitute the fraud are set forth it is not necessary that the appellant should plead the conclusion of law, which would be about all that an allegation stating in terms that the respondent was guilty of fraud would amount to. We think the allegations of the answer, and the proof offered in this instance, if true, are sufficient to establish fraud on the part of the respondent — at least it is sufficient proof tending to establish fraud to be allowed to go to the con-sideration of the jury. The testimony is that the second guaranty is a continuing guaranty, and that the first guar-anty was limited to the goods which were already bought by Jones at the time the guaranty was executed. Cer-

tainly, then, there is an essential difference so far as the responsibility of Frost is concerned in these two instruments, and yet the letter accompanying the new instrument which the respondent desired appellant to sign, positively states to appellant that ''there is but little difference in the blanks,'' and gives as a reason for preferring their request to have the second guaranty signed that they would like to have it on their regular forms.   When the respondent said, '' We would much prefer that you make out this gurranty on one of our blanks which we enclose for your signature,'' and further, that ''there is but little difference in the blanks, but we prefer to have our own regular form for our account in order to make everything more satisfactory,'' the evident intention was to convey the idea to the appellant that the change required was simply a matter of form, and not of substance, and Frost, evidently with a desire to accommodate, where he could do so without any expense to himself, complied with the seemingly innocent request.   But the result shows that there was a very material difference, for in one instance Frost would have been entirely exonerated from the payment of this claim, and in the other he is held responsible to the amount of five hundred dollars.

It is true it may have been a little careless on the part of Frost not to have examined the second instrument with reference to the conditions of the first; but it is upon careless people ordinarily that frauds are perpetrated.   If it was not the intention of the respondent to obtain by the change a benefit which was not contained in the first agreement, then it has secured a contract which was not intended either by it or Frost, and if it was its intention to obtain this additional benefit, it evidently obtained it by sharp practice, and when sharp practice is analyzed fraud will usually be found to be its principal constituent element. We do not think the law should uphold men in their at-

tempts to overreach others who are unsuspecting, and who rely upon the honor and integrity of those with whom they are dealing. Certain it is in this case, if the testimony of the appellant be true, that the liability of appellant was increased after the contract was entered into, and there would seem to be no reason why Frost should have entered into the second and more extended contract; and the fact that the accredited agent of the company was not supplied with the usual forms used by the company in such cases, and that a form of more limited liability was first used, and then one of more extended liability obtained under the pretense of desiring simply their usual printed forms, is to say the least a suspicious circumstance in this case. We think the testimony should have gone to the jury for their consideration. This being true, the instruction asked by appellant, viz., that, "If you find from the evidence that the contract between the plaintiff and the defendant when originally entered into was the contract by which the defendant's liability as guarantor was limited to the amount of five hundred dollars, and if you further find from the evidence that the plaintiff obtained the guaranty upon which he sued from the defendant through fraud, and that the defendant was misled by the statements and representations of the plaintiff, then the plaintiff is not entitled to recover," should have been given by the court.

The answer also alleged that during the times mentioned and set forth in plaintiff's complaint the plaintiff was a foreign corporation attempting to do business in the State of Washington without complying with the laws of this state with respect to foreign corporations doing business therein, and that therefore it had no legal capacity to sue; and a portion of appellant's brief is devoted to the discussion of this proposition. This question was settled by this court adversely to the contention of appellant, to the effect that where a party had contracted with a foreign corpor-

ation he was estopped to question the right of the corporation to do business in the state, in *Dearborn Foundry Co. v. Augustine,* 5 Wash. 67 (31 Pac. 327), and in *La France Fire Engine Co. v. Town of Mt. Vernon, ante,* p. 142; but, for the errors alleged above, the judgment will be reversed, and the cause remanded, with instructions to proceed in accordance with this opinion.

SCOTT, ANDERS and STILES, JJ., concur.

HOYT, J., dissents.