[No. 10259.    Department Two.    August 21, 1912.]

EILERS MUSIC HOUSE, *Respondent,* v. ORIENTAL COMPANY, *Appellant.*[1]

SALES—CONDITIONAL SALES—BREACH—LIQUIDATED DAMAGES—RETENTION OF PAYMENTS. Under a conditional sales contract of a pianorchestra, reserving the title until payment of the price and providing that any payment made prior to breach might be retained by the seller as liquidated damages, the seller may retain the installments paid and sue to recover possession on an admitted breach in subsequent payments; and such action being to enforce and not rescind the contract, waiver therein of claims for damages or rent for detention does not affect plaintiff's right to retain payments credited on the contract.

[1]Reported in 125 Pac. 1023.

SAME—RESCISSION—RECOVERY OF PRICE. Money paid on a conditional sales contract can only be recovered by rescinding the contract and returning the property or by proving damages.

SAME—BREACH—LIQUIDATED DAMAGES OR PENALTY. Upon a conditional sale of a pianorchestra, stipulating that the sums paid may be retained as liquidated damages, if the buyer fails to pay for the instrument, or removes or attempts to remove or sell it, the conditions named are not of such a differing degree of importance that the measure of damages could not be appropriate for each; and hence the stipulation will not be construed as a penalty or security for the damages actually suffered.

SAME. A stipulation in a conditional sales contract of a pianorchestra that any payments made prior to breach may be retained as liquidated damages, is not to be treated as a penalty because such damages increase as the performance continues; since the vendor's actual damages increase the longer he is kept out of possession and by the increased deterioration of the property.

EVIDENCE—PAROL EVIDENCE TO VARY WRITTEN CONTRACT. Evidence of verbal warranties alleged to have been made prior to the execution of a written contract of sale are inadmissible as contradicting the terms of the writing.

SALES—ACTION FOR PRICE—COUNTERCLAIM—DAMAGES. A counterclaim for damages by reason of alleged defects in an instrument purchased fails where the purchaser did not rescind, but kept the instrument, and failed to show that he had suffered any loss or damage by reason of the defects.

APPEAL—REVIEW—COSTS—HARMLESS ERROR. An objection that a cost bill was not properly itemized and verified is unavailing in the supreme court, in the absence of a showing that the costs allowed were not necessarily expended.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 6, 1911, upon findings in favor of the plaintiff, in an action of replevin, after a trial to the court. Affirmed.

*Howard O. Durk*, for appellant.

*Wright & Kelleher, Charles S. Gleason*, and *Edward W. Allen*, for respondent.

ELLIS, J.—On March 15, 1909, the defendant purchased from the plaintiff, upon a written conditional sale contract, a mandolin pianorchestra, for an agreed price of $1,900.

The defendant was credited with $393.65 for amounts paid upon other instruments formerly purchased by it and returned in exchange, and with $200 cash paid at the making of the contract. By the contract the defendant agreed to pay the balance of the purchase price in monthly installments of $100 each. It was agreed that the title to the instrument should remain in the vendor until payment, and that, if the vendee should fail to make any payment at the times mentioned, or should remove, attempt to remove, or sell the instrument, the vendor should have the right to take possession thereof and retain all payments as liquidated damages for breach of the agreement and as payment for the use of the instrument. The contract also declared that "Any agreement other than that expressed on the face of this contract will not be recognized." The defendant paid the installments maturing on the 15th day of April, May, and June, but refused to pay the installment due July 15, 1909. The plaintiff demanded a return of the instrument, which being refused, it brought this action and obtained possession by statutory process.

The complaint set out the contract in full, claimed the plaintiff's right to possession by virtue of the breach, alleged demand by plaintiff for possession on August 9, 1909, and the refusal to deliver the same by the defendant. It alleged damages for the unlawful detention in the sum of $500, and that the value of the use of the instrument was $10 a day.

The answer admitted the execution of the contract, denied the alleged damages for unlawful detention, denied the allegation that the value of the use of the instrument was $10 a day, and set up an affirmative counterclaim for the recovery of the money paid on the purchase price amounting to $893.95, on the ground that the instrument failed to meet certain alleged verbal warranties made by the plaintiff at and prior to the time of the execution of the written contract.

The reply put in issue the affirmative allegations of the answer.

At the trial, the defendant admitted that the plaintiff was entitled to judgment for the possession of the instrument. The plaintiff admitted that it had credited the defendant with $593.95 mentioned in the contract as allowed upon the purchase price, and $300 for the three monthly installments which had been paid. The plaintiff waived any claim for damages or rent of the instrument accruing subsequent to its demand for possession.

The defendant moved for judgment on these admissions, for the amount credited on the contract and demanded in its counterclaim. The motion was denied. The defendant then offered evidence in support of its counterclaim. The trial court refused to admit evidence of any verbal representation or warranties made by the plaintiff prior to the execution of the contract, on the ground that the contract was complete in itself and such warranties to be available would have to be found in the written instrument. The court, however, did admit evidence of certain defects in the instrument on the ground that there was an implied warranty that the instrument was adapted to the purpose for which it was sold. The evidence showed that a certain automatic device was so defective that the instrument frequently failed to properly furnish music until adjusted. No evidence was offered to show that the defendant had suffered any monetary loss or injury to its business by reason of this or any other defect in the instrument. Upon the conclusion of the defendant's evidence, the plaintiff moved to dismiss the counterclaim upon the ground that there was no evidence showing damages in any amount. The motion was granted and judgment was entered awarding to plaintiff the possession of the instrument. The defendant has appealed.

The appellant first assigns as error the denial of its motion for judgment at the close of the respondent's case. The argument, briefly, is that the respondent having admitted

that $893.95 had been credited upon the contract, and having waived any claim for damages and rent for the detention of the instrument after demand for possession, and having neither asked for nor proved specific damages for the breach of the contract, and having procured possession of the instrument by replevin, it had no right to retain the money paid upon the contract. A sufficient answer to this argument is found in the nature of the action. It was an action to enforce the contract, not to rescind it. It was an action to recover possession of the chattel, not to recover damages for breach of the contract. Respondent had already received payment of damages by retaining, under the stipulation of the contract, the part of the purchase price which had been paid. The contract declared that any payments made prior to the breach might be retained as liquidated damages for the breach and as payment for the use of the instrument. The breach of the contract was admitted by the appellant. The respondent, having retained this money as liquidated damages for the admitted breach, could not claim any other damages for the breach or for the use of the instrument. If the stipulation for liquidated damages is to be held valid, the respondent was not required to prove that he suffered any damage. *Sanford v. First Nat. Bank of Belle Plaine,* 94 Iowa 680, 63 N. W. 459; *Little v. Banks,* 85 N. Y. 258; 13 Cyc. 105.

If the stipulation for liquidated damages was a valid stipulation, then the appellant could only recover the money paid upon the purchase price by rescinding the purchase for sufficient cause and voluntarily returning the instrument, or by proving damages in the amount paid upon the contract for failure of the instrument to perform the functions for which it was purchased. Appellant never sought to rescind the contract, but ratified and affirmed it by refusing to return the instrument, and at the time the motion was denied it had introduced no evidence in support of its counterclaim for damages for the alleged breach of warranty.

The appellant further contends that the provision for liquidated damages should be treated as a penalty or security for the actual damages which the respondent could prove that it suffered from the breach of the contract. It is first argued that the several acts for which respondent might retake the instrument and retain the payments as liquidated damages, namely, failure to pay any installment, removal of the instrument, or attempt to sell or remove it, are so different in degree of importance that the same measure of damages could not be appropriate for each, and hence, the stipulation must be construed as a penalty or security for the damages actually suffered. It must be conceded on authority a sound rule that, where there are several acts to be performed or not performed in contemplation of the contract, widely varying in degree of importance, a stipulation for payment of the same amount as damages for the performance or nonperformance of each must be construed as a penalty. 1 Pomeroy, Equity Jurisprudence (3d ed.), § 443.

This contract however presents no such case. The vendee's failure to pay for the instrument, removal or attempt to remove or sell the instrument, are plainly of equal importance, since they lead to the same result. They would each constitute such a breach of the contract as to make a resumption of possession by the vendor absolutely necessary to his protection. Whatever breach forces that result, the damages consequent thereon are necessarily the same, hence, the same sum as liquidated damages if appropriate to either is appropriate to each of such breaches.

It is next argued that, inasmuch as the sum to be applied as liquidated damages constantly increases as the performance of the contract continues, the damages paid would be greater when the failure to perform was only partial than when the failure was complete. Again it must be conceded on sound authority that where the stipulated sum to be paid is the same or larger where the failure to perform is only partial as where the failure is complete, the stipulation will usually be

construed as a penalty. 1 Pomeroy, Equity Jurisprudence (3d. ed.), § 444.

This rule, however, cannot be applied blindly and without reference to the nature of the contract or without regard to the plainly expressed intention of the parties. The same eminent author, after stating this and other general rules, adds:

"There are undoubtedly numerous instances which cannot be easily referred to either of these rules; and this must be so almost as a matter of necessity. Since agreements are of infinite variety in their objects and in their provisions, and since the question of penalty or liquidated damages is always one of intention, depending upon the terms and circumstances of each particular contract, there must be many agreements which cannot be brought within the scope of any specific rule, and with which a court can only deal by applying the most general canon of interpretation." 1 Pomeroy, Equity Jurisprudence (3d ed.), p. 747, § 445.

In the case here, it is manifest that the damage must be the greater the longer the vendor is kept out of possession and the longer the vendee has the use of the instrument. The longer the vendee keeps up his payments and retains the possession of the property the greater will be the deterioration of the property, and the longer will the vendor be deprived of its use and disposition by sale or rental. It seems clear that in such a case the fact that the sum fixed as liquidated damages increases as the actual damage increases is no ground for declaring the stipulation one for a penalty rather than for liquidated damages. The case is one in which the stipulation for liquidated damages is peculiarly appropriate. The actual damages, by deterioration of a delicate and highly complicated piece of machinery such as that here involved, could hardly be determined by evidence. The uncertainty inheres in the very nature of the subject-matter of the contract. The case falls within the two cardinal rules of construction laid down in Cyc. as follows:

"There are two excellent rules given for inferring that the

parties intended the sum as liquidated damages: (1) Where the damages are uncertain, and not capable of being ascertained by any satisfactory and known rule, whether the uncertainty lies in the nature of the subject itself, or in the particular circumstance of the case; or (2) where from the nature of the case and the tenor of the agreement, it is apparent that the damages have already been the subject of actual and fair calculation and adjustment between the parties." 13 Cyc. 90.

The following language is peculiarly applicable to the case before us:

"In determining whether a sum claimed upon a breach of contract for sale is liquidated damages or a penalty, the court should look at the nature of the contract and the words and intentions of the parties; but such sums have usually been held liquidated damages for the reason that the damages sustained are in almost all cases uncertain and very difficult to estimate." 13 Cyc. 102.

The intention of the parties to stipulate for liquidated damages is so plainly expressed in the contract and the stipulation is so palpably appropriate to the very subject-matter of the contract that we are constrained to enforce the contract as written rather than by construction make a new one for the parties.

As said by the supreme court of the United States in *Sun Printing & Pub. Ass'n v. Moore*, 183 U. S. 642-662:

"The decisions of this court on the doctrine of liquidated damages and penalties lend no support to the contention that parties may not *bona fide*, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. On the contrary, this court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and that whether a particular stipulation to pay a sum of money is to be treated as a penalty, or as an agreed ascertainment of damages, is to be determined by the contract, fairly construed, it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract."

And again, in *United States v. Bethlehem Steel Co.*, 205 U. S. 105-119:

"The question always is, what did the parties intend by the language used? When such intention is ascertained it is ordinarily the duty of the court to carry it out."

A review of the multitude of authorities cited by the appellant would avail nothing, since we conceive the principles above outlined controlling upon the facts of this case.

The court's refusal to admit evidence as to certain representations or warranties alleged to have been made by respondent prior to the execution of the written contract is assigned as error. The court said: "I sustain the objection to any representations made prior to the execution of this instrument. They ought to be embodied in the instrument." The ruling was correct. We find nothing in the case to take it out of the rule that express warranties must be found in the written instrument, which was freely executed by the parties. It cannot be added to nor varied by parol testimony as to antecedent negotiations. *Tobin v. McArthur*, 56 Wash. 523, 106 Pac. 180.

We find no error in the dismissal of the appellant's counterclaim for lack of sufficient evidence. The court permitted proof as to the alleged defects in the machine as tending to show that it did not meet the implied warranty that it would fill the purpose for which it was intended. There was, however, neither evidence nor offer of evidence of any specific damages suffered by reason of such defects. The appellant having retained the instrument and having sought no rescission of the contract, was only entitled to such damages as he could prove. Having proved no damages, his counterclaim must fail.

Upon motion of the appellant, the trial court reduced the costs from $140.50 to $59.90. It is now urged that the cost bill was not properly itemized and verified. The objections are technical. We have uniformly declined to sustain such objections in the absence of some affirmative showing

that the costs allowed were not necessarily expended. *Roebling's Sons Co. v. Washington Alaska Bank*, 56 Wash. 102, 105 Pac. 174; *Hall v. Northwest Lumber Co.*, 61 Wash. 351, 112 Pac. 369; *Daniels v. Spear*, 65 Wash. 121, 117 Pac. 737; *Pillsbury v. Beresford*, 58 Wash. 656, 109 Pac. 193.

The judgment is affirmed.

FULLERTON, MORRIS, and MOUNT, JJ., concur.