[No. 16755. Department One. January 6, 1922.]

## G. Warren, *Respondent,* v. W. W. Sheane Auto Company, *Appellant.*[1]

Fraud (13)—Actions — Pleading — Complaint. An action for damages based upon false and fraudulent representations inducing the sale of a motor truck, is not based upon a warranty, express or implied, and may be maintained regardless of the vesting of title, or knowledge of the falsity of the representations.

Fraud (9)—Sales (107)—Implied Warranty—Second-Hand Machinery. Though there may be no implied warranty on the sale of a second-hand article, one who makes false and fraudulent representations inducing its sale cannot escape liability for the fraud.

Appeal (396)—Review—Presumptions—Instructions. On appeal from a judgment based on a verdict, it will be assumed, in the absence of the instructions, that questions of fact upon which reasonable minds might differ were properly submitted under correct instructions.

Election of Remedies (3)—Acts Constituting Election—Mistake in Remedy. The resort to the mistaken remedy of action for breach of warranty on the conditional sale of an article does not constitute an election of remedies precluding the buyer from pursuing a proper remedy for damages for fraud.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered May 21, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for fraud. Affirmed.

*Frank J. Allen,* for appellant.

*Grady, Shumate & Velikanje,* for respondent.

Tolman, J.—Respondent, as plaintiff below, brought this action, alleging in his complaint, among other things, that in July, 1919, he purchased from appellant a certain truck, which was represented to be mechanically sound, in good condition, of two tons capacity, and capable of hauling a two-ton load over any

[1]Reported in 203 Pac. 372.

of the roads in Yakima county; that he had no knowledge of or experience with trucks, which fact he made known to appellant, and in making the purchase relied wholly upon the representations made by the seller; that he turned in as a first payment an Overland touring car of an agreed value of $500, and it appears that the balance of the purchase price, $400, was to have been paid in installments, as specified in a conditional sale agreement executed by the parties at the time.

Respondent further alleges, with considerable detail, his experience in trying to use the truck, the defects therein which he found to exist, including an allegation that it was a one-ton truck only and that it was impossible to use the truck for his purposes, which were known to appellant at the time of the purchase; that, although demand was made therefor, appellant refused and neglected to make repairs and alterations or in any manner put the truck in a workable condition, and further, that appellant, on March 10, 1920, took possession of the truck, cancelled the conditional sale agreement, and retains the truck under claim of absolute ownership. The complaint specifies that respondent has been damaged in the sum of $1,800 by reason of the inability to do the work contemplated to be done with the truck at the time of the purchase, in the further sum of $500, the value of the Overland car turned in on account of the purchase price, and the additional sum of $500 by reason of the truck being worthless for any purpose.

Appellant answered, making the usual denials, and setting up several affirmative defenses, which, so far as they are now material, may be grasped from the discussion which follows. The cause was tried to a jury, which rendered a verdict in respondent's favor

for $500, and from a judgment on the verdict, this appeal is prosecuted.

Appellant has made no formal assignments of error, but as we gather from the brief and oral arguments what appears to be its contention, we will mention each point raised and discuss it so far as seems necessary.

(1) That the action is for a breach of warranty which cannot be maintained, as title never vested in the purchaser; or, if the action be for fraud and deceit, knowledge of the falsity of the representations made and intent to deceive must be proved. We are of the opinion that the action is not based upon a warranty, express or implied, but solely upon the alleged false and fraudulent representations inducing the sale. An examination of the record fully convinces us that there was sufficient evidence from which the jury could draw the conclusion of knowledge and intent upon the part of the vendor, if that be necessary.

(2) Next, that since it is admitted that the subject of the sale was a second-hand car, rebuilt, with truck attachment, the rule of *caveat emptor* applies. While it may be admitted that there is ordinarily no implied warranty in the sale of a second-hand article, we know of no rule which exempts one who makes false and fraudulent representations to induce such sale, simply because the article sold is second-hand.

(3) It is contended that respondent failed to make a sufficient tender of the truck before bringing this action. There is evidence to show that respondent complained of the condition of the truck promptly as soon as he began to use it, and that promises were made to repair or alter it so that it would do the work contemplated; that these negotiations continued for several months and until appellant undertook to have the sheriff seize and sell the truck without process. Thereupon respondent brought an action based upon

the theory of a breach of warranty to recover damages, and to enjoin the sheriff from seizing or selling the truck. Becoming convinced, upon investigation of the law, that he could not maintain an action based upon a warranty where there was no completed sale, respondent notified appellant that it might take the truck, dismissed the action without prejudice (though in the order of dismissal it is recited: "it is further adjudged that the restraining order herein be dissolved and the defendant be and is hereby adjudged to be the owner of said car or truck described in defendant's affirmative defense; and the plaintiff be and is hereby ordered to release and turn over said truck to the defendant, or its agents"), and appellant took the truck, and has ever since treated it as its absolute property.

Whether, under the circumstances of this case, respondent acted promptly and effectively in attempting to rescind the sale; whether appellant repossessed itself of the truck as accepting the proffered rescission, or was justified in retaking on the ground that respondent's rights under the terms of the agreement were forfeited by failure to meet the deferred payments, were questions upon which reasonable minds might differ under the evidence in this case, and since appellant does not complain of, or bring here for review, the instructions given or refused, we must assume that these and all other questions in the case were properly submitted, under correct instructions, to the jury for its determination.

It is argued in this connection that, by bringing the prior action on the warranty, an election of remedies was made and respondent could not afterwards rescind. In *Eyers v. Burbank Co.*, 97 Wash. 220, 166 Pac. 656, it is said:

"There could be no election of remedies on the part of respondent, because he was not in possession and had never had title to the land, and could only bring an action for damages for whatever misrepresentations had been made—".

And in *Roy v. Vaughan*, 100 Wash. 345, 170 Pac. 1019, it is clearly and squarely held that a mistake in remedy can never be construed as an election of remedies.

(4) Lastly, it is argued that the evidence was insufficient to take the question of fraudulent representations to the jury. We find, however, that this case is within the well established rules and we cannot interfere.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.