[No. 17203.   Department One.   July 7, 1922.]

# T. W. LITTLE COMPANY, *Appellant,* v. L. H. FYNBOH et al., *Respondents.*[1]

SALES (53) — MISREPRESENTATIONS — RESCISSION BY BUYER — COMPLAINT—SUFFICIENCY. A buyer's cross-complaint on an implied warranty of a truck sufficiently alleges false representations, although the words "false" and "fraudulent" were not used, where it alleged that the seller knew that the buyer knew nothing about trucks and represented that it would do the buyer's work, and it was defective and useless.

SALES (108) — IMPLIED WARRANTY — SECOND-HAND MACHINERY. There is an implied warranty that a truck, even though second-hand, bought for a particular purpose made known to the seller, in reliance upon the seller's knowledge, will do the work for which it was bought.

SALES (59)—FRAUD—RESCISSION BY BUYER—TENDER OF GOODS— SUFFICIENCY. A seller cannot claim an insufficient tender or non-delivery of a truck, returned to the seller where it was demonstrated that it could not do the work for which it was sold, where, on refusal of the tender and leaving it in the alley, the seller caused it to be removed by police officers.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered October 22, 1921, upon findings in favor of the defendants, in an action on a promissory note, tried to the court.   Affirmed.

*Wm. H. Pratt,* for appellant.

*Rickabaugh & McElroy,* for respondents.

TOLMAN, J.—Appellant brought this action, as plaintiff below, to recover from respondents the amount due upon a promissory note given to evidence the deferred payments accruing under a conditional sale agreement for the purchase of a certain automobile truck and trailer.   Respondents, by amended answer and cross-complaint, pleaded that the appellant, a

[1]Reported in 207 Pac. 1064; 211 Pac. 766.

dealer in new and second-hand trucks, with full knowledge that respondents knew nothing about automobile trucks, of the purpose for which the purchaser intended to use it, and of the roads over which it was to be used, represented that the truck would haul 2,000 or more feet of logs and would do the work for which the purchaser intended it; that the truck was in fact defective and worn out and would not do the work as represented, and would not haul more than from 900 to 1,500 feet of logs over the roads contemplated; that the truck was useless for respondents' purpose, and that it was held subject to appellant's orders.

There is ample evidence shown in the record to support the findings of the trial court sustaining this defense. It is admitted that appellant's salesman, who handled the matter, personally inspected and examined the roads before the sale was made; was informed that respondents knew nothing about trucks, and tacitly, at least, it is admitted that he represented, or expressed the opinion, that the truck would satisfactorily handle 2,000 feet of logs to a load under the conditions which had been made known to him. The cross-complaint seeks recovery of $350 paid in cash as a down payment on the purchase, and the judgment of the trial court was for this amount, together with the cancellation of the note sued upon.

Appellant's chief contention is that the trial court erred in admitting oral testimony tending to qualify or add to the written contract of conditional sale. The conditional sale contract describes the truck and trailer by name and number, fixes the amount of the purchase price and the terms of payment, reserves title in the vendor until the payments are fully made, contains the usual provisions as to insurance, payment of taxes, non-removal from the county, and the like, for the pro-

tection of the vendor, but is wholly and entirely without any warranty or guaranty of any kind or nature.

While in form the cross-complaint seeks recovery upon an implied warranty, yet the allegations are broad enough to support a recovery upon the ground of false representations, though the words "false" and "fraudulent" are not used, and if treated from that standpoint, the judgment can be affirmed under the authority of *Warren v. Sheane Auto Co.,* 118 Wash. 213, 203 Pac. 372.

In any event, however, the conditional sale contract is entirely silent upon the subject of warranty, and we know of no good reason why the admitted rule that the law will imply a warranty when a machine, even though second-hand, is sold for a particular known purpose should not apply. The work to be done and the conditions under which it must be done being fully made known to the seller, the fact that the purchaser relied upon the seller's knowledge of the truck and what it could or should do, all combined, create a situation from which, in the absence of any agreement to the contrary, the law implies, without any express contract, that the seller warrants the machine sufficient for the purpose intended. What was said in *Eilers Music House v. Oriental Co.,* 69 Wash. 618, 125 Pac. 1023, clearly relates to express warranties only and has no application here.

While no direct assignment of error is based thereon, yet in its brief, and in oral argument, appellant attempts to make the point that there was not a sufficient tender back of the truck and trailer. It clearly appears that, when it was fully demonstrated that the truck would not do the work, and after appellant had made repeated and unsuccessful efforts to cause it to do so, the truck and trailer were driven to appellant's place of business and tendered to its manager, who refused

to accept them. Respondents then left them in the alley at the entrance of appellant's building. Had they been removed by a wrongdoer, or without the consent or connivance of appellant, a serious question would have been presented, but it appears by the uncontradicted evidence offered by appellant that its manager, well knowing all the facts and conditions, caused the police of the city of Tacoma to take the truck and trailer away. Clearly, having so caused the removal of the property, it cannot now urge a nondelivery to it.

The judgment appealed from is affirmed.

PARKER, C. J., MITCHELL, and BRIDGES, JJ., concur.

FULLERTON, J., dissents.

## ON REHEARING.

### [En Banc. January 2, 1923.]

PER CURIAM.—This cause was reargued before the court En Banc on December 11, 1922. Deeming ourselves fully advised in the premises, and a majority of the judges being of the opinion that the cause was correctly disposed of by the decision of Department One, the judgment is affirmed for the reasons therein stated and as therein directed.