[No. 17346. Department One. December 6, 1922.]

## TITAN TRUCK COMPANY, *Appellant*, v. JOHN H. RICHARDSON, *Respondent*.[1]

REPLEVIN (25-1)—SET-OFF AND COUNTERCLAIM (11)—CLAIMS ARIS-ING OUT OF SAME TRANSACTION. In replevin by the seller of an article, the buyer may counterclaim for damages for breach of the contract of sale, as a claim arising out of the same transaction.

EVIDENCE (172)—PAROL EVIDENCE TO VARY WRITING—SUBSEQUENT AGREEMENTS. In a seller's action of replevin of a truck sold upon a written order of purchase, which recited that the payments are to be secured by a conditional sales contract, evidence of an express warranty is not inadmissible as varying the terms of the conditional sales contract, which was not executed until a month after the purchase, and which contained none of the terms of the sale and was merely to carry out the provisions of the contract.

SAME (167)—PAROL EVIDENCE TO VARY WRITING—FRAUD. Where a purchase order contract, containing an express warranty exclusive of all others, was procured by fraudulent representations that it was a matter of form and not intended to embody other than the real agreement theretofore entered into, oral evidence of an express warranty made at the time of the sale is not inadmissible because it varies and defeats the written order.

[1]Reported in 210 Pac. 790.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered February 18, 1922, upon the verdict of a jury rendered in favor of the defendant, upon a counterclaim, in an action of replevin. Affirmed.

*Miller, Wilkinson & Miller,* for appellant.

*R. A. Coan* and *McMaster, Hall & Schaffer,* for respondent.

MACKINTOSH, J.—This is an action to replevin a three and one-half ton Titan truck, sold to respondent upon conditional sale, the complaint alleging that respondent had failed to make the payments provided for. As a defense to the action, the respondent set up a counterclaim for damages, alleging that the truck had been sold to him on an express warranty, which had been breached. The trial before a jury resulted in a verdict in the sum of $4,328.25 on the counterclaim, and the truck company has appealed.

The express warranty which the respondent claims was breached was one made by the salesman that the appellant would procure for the respondent continuous employment with the truck, hauling road material for a named concern, and representing that the truck was well fitted and adapted to such services, and would haul all such loads as it would be required to haul in such work; the allegation of the counterclaim being, in effect, that the sale was induced by false and fraudulent representations. Sometime after the sale and when the truck had arrived and was ready for delivery, the appellant and respondent signed a formal conditional contract of sale, which set forth the times of payment of the various installments on the notes given for the purchase price, and the ordinary reservation of title in the vendor until the payments had been made. There was introduced in evidence what was called a purchase

order, signed by the respondent, which contained a warranty printed on the back of the order and made a part of it, providing that the warranty to make good defective parts

"is in lieu of all warranties, express or implied, and of all other obligations or liabilities on our part, and we neither assume or authorize any other person to assume any other liability for us in connection with the sale of our trucks."

Respondent plead, and by his evidence attempted to establish, that this order was signed after the actual sale to him, and that the order was signed by him upon the representation that it was only a matter of form which was necessary to be complied with at the time delivery was made of the truck, and that it embodied only the prior agreements of the parties, it being his contention that the contract between the parties was an oral one which contained the warranties that the truck would carry certain loads.

The first assignment of error is that the counterclaim was improperly plead. This court, however, in *Gilbert Co. v. Husted,* 50 Wash. 61, 96 Pac. 835, and *Kohler & Chase v. Turner,* 84 Wash. 192, 146 Pac. 393, has recognized the right to counterclaim for damages by reason of the vendor's breach of a contract in an action brought by the vendor to replevin the goods sold, since there are involved matters arising out of the same transaction.

The next assignment of error is that the court should not have allowed testimony in support of the counterclaim, as it was an attempt to vary the terms of the conditional contract of sale. This contract was signed a month or more after the actual sale and at the time the truck had arrived from the factory and was ready for delivery. By the appellant's own pleadings, it appears that the purchase on which appellant's action

is predicated was under a written contract (the purchase order above referred to) which contained a provision that the payments for the truck "are to be secured by conditional contract of sale." The contract of sale was given to complete the contract between the parties and did not purport to, and did not, contain any of the terms of the sale except those provisions as to the payment of the notes and the reservation of title, and any evidence introduced as to an express warranty upon which the sale was made was in nowise a variance of the terms of the conditional contract of sale.

The case at bar is distinguished from *Eilers Music House v. Oriental Co.,* 69 Wash. 618, 125 Pac. 1023, and other cases to the same effect, which hold to the rule that express warranties must be found in the written instrument which was freely executed by the parties and that it cannot be added to or varied by parol testimony as to antecedent negotiations. In those cases there was no question but what a written contract existed between the parties, while here the whole contention is that the contract was entirely in parol. *Buchanan v. Laber,* 39 Wash. 410, 81 Pac. 911; *Buffalo Pitts Co. v. Shriner,* 41 Wash. 146, 82 Pac. 1016; *Buckeye Buggy Co. v. Montana Stables,* 43 Wash. 49, 85 Pac. 1077, 117 Am. St. 1032; *Hockersmith v. Ferguson,* 63 Wash. 581, 115 Pac. 11; *Pacific Aviation Co. v. Philbrick,* 67 Wash. 414, 121 Pac. 864; *Eilers Music House v. Oriental Co., supra,* and *Singmaster v. Hall,* 98 Wash. 134, 167 Pac. 136.

Were this a case one in which the conditional contract of sale was claimed to be the written contract between the parties, the parol evidence rule would forbid its variation by the introduction of testimony as to an express oral warranty; but, as we have heretofore said, the conditional contract of sale was not the writ-

ten contract upon which this action is based. The appellant's amended reply alleges that the truck was purchased by respondent under a written contract, referred to here as the purchase order, and further alleges that

"as a part of the agreement of purchase, the plaintiff was to pay a part in cash . . . the balance of $1,331 in twelve monthly installments, bearing eight per cent interest, which said notes were to be secured by a conditional contract of sale."

In the statement of facts, is the testimony of appellant's president, who swore that the conditional contract of sale was "simply a revamping of the notes to change the terms of them." We agree with the trial court who passed upon this question where he said:

"Without going into extended reasons, I am rather of the opinion that the contract offered in evidence (being the conditional contract of sale) and relied upon is a contract simply for the payment of money that is due rather than a contract of sale."

In other words, this written contract is principally a memorandum of the terms of payment and was not such a written contract as those referred to in the cases relied on by the appellant, and to which we have just above referred.

The next assignment is that the admission of parol evidence in support of the counterclaim was erroneous, for the reason that it was an attempt to vary the terms of the written purchase order contract. This purchase order contract contained an express warranty which excluded all other express or implied warranties. It is admitted that this contract was signed by the respondent, but the pleadings and proof raised the square issue as to whether this signature had been procured in such manner as that it was not binding upon the respondent. Under proper instruc-

tions, this question was submitted to the jury, which found that the writing was entered into under such circumstances that the respondent is not to be charged with its terms. The jury had the right to believe that the actual contract was entered into between the parties before this purchase order was signed, and that the actual contract embodied the express warranty upon which the counterclaim is based, and that the purchase order was signed after the truck had arrived, and that the signature was induced upon the representation that it was merely a matter of form, and that there was no intention upon the part of either party that the purchase order should embody other than the real agreement between the parties theretofore entered into. Under the authority of *Rathbone, Sard & Co. v. Frost,* 9 Wash. 162, 37 Pac. 298, it would seem to be conclusively established that the testimony offered on behalf of these contentions of the respondent was admissible, and that the testimony was properly before the jury and allowed it to find that the purchase order contract was not of any binding force. Two recent cases of this court, neither of which was referred to in either brief, seem to throw considerable light upon the question here involved, and to support the conclusion to which we have here arrived: *Warren v. Sheane Auto Co.,* 118 Wash. 213, 203 Pac. 372; *Little Co. v. Fynboh,* 120 Wash. 595, 207 Pac. 1064.

Other assignments of error relate to alleged improper testimony as to the proof of agency and as to the measure of damages. We find no merit in these assignments, and the judgment of the lower court is therefore affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.