[No. 17595.    Department One.    February 14, 1923.]

MAYER LIFE BOAT COMPANY, *Respondent*, v. ISAACSON COMPANY IRON WORKS, *Appellant*.[1]

APPEAL (142)—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be predicated upon instructions to the jury to which no exceptions were taken.

EVIDENCE (146, 169)—PAROL TO VARY WRITING—SALE OF CHATTELS—COMPLETENESS OF WRITING. Where there was a complete and formal contract for the manufacture and sale of an apparatus according to certain specifications for a specific purpose, evidence is inadmissible to show an express oral warranty of its fitness to do the work required of it.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 24, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Israel Nelson* and *Arthur H. Hutchinson,* for appellant.

*J. L. Corrigan,* for respondent.

MACKINTOSH, J.—The respondent was the owner of some patented nested life boats, and also of the idea of launching these boats from ocean carriers by means of a derrick. The respondent expressed his desire to the appellant for a derrick to do the work. The negotiations resulted in the following communications, which form the contract in question:

"Seattle, January 31, 1921,
"Attention of Mr. Van Nuys.
"Mayer Life Boat Co.,
"Seattle, Wash.
"Gentlemen: Confirming our conversation of recent date, we offer you the iron work for one mast and

[1]Reported in 212 Pac. 1054.

one boom for handling your life boat for the net sum of $200. Blocks for the sum of $55 and the Chisholm & Moore hand winch, as per blue print submitted, for the sum of $500 F. O. B. Cleveland. We estimate the freight on one of these winches at $25. On an order for ten winches we could deduct the sum of $75 each, making a net price of $425 each F. O. B. Cleveland.

"For your information we estimate that to make up and design a single winch of this character in Seattle would cost approximately $750 to $800, though after the first one is built we believe they could be turned out in the neighborhood of $350 each in lots of ten.

"The fittings of the iron work and furnishing the spars would cost $85 for the first derrick, and we estimate the labor of erection and the guy lines at about $95. For handling the boom, there would be required about 300 feet, 1" Manilla rope and 25 feet of 1⅛" wire pennant, and for the hoisting 136 ft. of ⅝" wire rope. The cost of these lines would be $65.

"We trust that this will give you the information that you desire, and that we may be favored with the commission to build this rig for you."

(Signed)    "Isaacson Co. Iron Works,<br>"By John Isaacson."

"Isaacson Company Iron Works,
"Foot of King St.,
"Seattle, Wash.              Attention Mr. Campbell

"Gentlemen: We accept your offer for complete derrick (according to your plans) including a Chisholm & Moore hand winch (according to blue print of same) all as outlined in your letter of January 31, 1921, at shop rates; namely, on a labor and profit basis to you. Samson post of derrick to be sufficiently long to extend through to lower deck, and boom sufficiently long for our purposes. We expect to make separate arrangements with you for installing derrick.

"Thanking you for your efforts, we remain,
"Respectfully yours,<br>"Mayer Life Boat Company,<br>"By M. H. Van Nuys, Secretary."

The derricks and winch furnished by the appellant did not perform the work which the respondent desired of them, and this action was begun to recover the amount paid by the respondent to the appellant for the apparatus, and resulted in a verdict in favor of the respondent, from which this appeal followed.

Three errors are assigned. One relates to claimed erroneous instructions. But this contention must be disposed of by calling attention to the fact that no exceptions were taken to the instructions or refusal to give requested instructions, and we therefore cannot review the assignment. *Peters v. Union Gap Irr. District,* 98 Wash. 412, 167 Pac. 1085; *Worthy v. Arctic Co.,* 114 Wash. 435, 195 Pac. 222.

Another assignment of error is that the evidence failed to prove liability on the part of the appellant. This having been a trial to a jury upon disputed facts, and there appearing in the record sufficient facts upon which the verdict could be predicated, it is not within our province to set aside the verdict.

The third and last assignment of error is that the court was wrong in admitting parol evidence to show a warranty of the fitness of the apparatus to do the work required. Parol evidence is admissible to show express warranties of fitness where the written agreement is on its face informal and incomplete. *Puget Sound Iron & Steel Works v. Clemmons,* 32 Wash. 36, 72 Pac. 465; *Gleason Co. v. Carman,* 109 Wash. 536, 187 Pac. 329. But, as we view it, this written contract does not come within that classification. As we read it, it was a complete and formal agreement, and under our rule parol evidence is in such a case admissible only to show an implied warranty of fitness. *Little Co. v. Fynboh,* 120 Wash. 595, 207 Pac. 1064; *Long v. Five-Hundred Co., ante* p. 347, 212 Pac. 559;

*Titan Truck Co. v. Richardson*, 122 Wash. 452, 210 Pac. 790.

For the reasons stated, the judgment is affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.