[No. 17900.   Department Two.   August 31, 1923.]

PENINSULA MOTOR COMPANY, *Appellant,* v. FRANCIS D. DAGGETT, *Respondent.*[1]

SALES (105)—IMPLIED WARRANTY—SALE BY DEALER.   There being no implied warranty on the sale of a Fordson tractor, which is well known through its general use, a written contract of sale, providing against verbal agreements being recognized, cannot be added to or varied by evidence of a collateral oral warranty, in the absence of fraud or fraudulent representations.

Appeal from a judgment of the superior court for Jefferson county, Card, J., entered July 17, 1922, upon findings in favor of the defendant, in an action on contract, tried to the court.   Reversed.

*Allen Trumbull,* for appellant.

*Carkeek, McDonald, Harris & Coryell,* for respondent.

PEMBERTON, J.—Appellant instituted this action against respondent for the recovery of $450 and interest, upon a promissory note executed by respondent.   The execution and delivery of the note is admitted.   Respondent alleges, in his affirmative defense, that the note was given for the purchase of a Fordson tractor, pulleys, plows, tractor rims and belt, upon the oral representation that the tractor would pull two fourteen inch plows or one seven foot tan-

[1]Reported in 218 Pac. 253.

dem disk harrow, in soil and upon ground such as respondent's land, and

"That said tractor would be satisfactory to him and would satisfactorily do the work of horses in all places on said farm; that the delivery of said tractor was for trial only and that if it was not satisfactory and would not do the work that appellant would take it back."

Respondent further alleges, in his affirmative defense,

"That each and all of said warranties have been breached, in that said tractor will not pull two fourteen inch plows, or one seven foot tandem disk harrow and will not satisfactorily do the work of horses on said farm and will not satisfactorily do any work at all thereon."

Respondent further alleges,

"That in ordering the tractor and equipment and in making such payment and giving such note the defendant relied upon the warranties and representations hereinabove set out, and was induced to place such order, made such payments, and gave such note thereby, and also upon the plaintiff's assurance that he could try out such tractor and return it together with the equipment mentioned if found unsatisfactory."

Upon a trial, respondent was given judgment for the amount of money paid to appellant upon the purchase of the tractor and equipment, from which judgment this appeal is taken.

On July 28, 1920, respondent signed a written contract of purchase, wherein he agreed to purchase one Fordson tractor, for $750, and one tractor pulley for $39 f. o. b., Dearborn, Michigan, plus delivery charges. In this written agreement of purchase, is the following provision:

"The above comprises the entire agreement pertaining to this purchase and no other agreement of any

kind, verbal understanding or promise whatsoever
will be recognized.''

A short time prior thereto, respondent attended a
Fordson tractor demonstration at Everett, Washing-
ton, and expressed himself well pleased with the Ford-
son.   The tractor and pulleys were delivered to re-
spondent on the 10th day of August, 1920, and four
days later respondent paid $200 on account, and the
contract theretofore signed was dated and a copy given
to respondent.   On August 16, respondent purchased
plows, tractor rims and a belt.   The belt was re-
turned, for which credit was given.   On September 2,
respondent paid the sum of $476.05, and gave to ap-
pellant the note involved in this action in the sum
of $500.   On October 11, 1920, he paid upon the note
the sum of $50 and interest.   In about one month there-
after, the price of Fordsons was reduced and respond-
ent asked that he be given the benefit of this reduction
in price.   There was no complaint made at that time,
however, about the tractor.

It is the contention of respondent that oral testi-
mony is admissible, under the facts in this case, to
show what the agreement of the parties actually was
with reference to a warranty of the tractor, even
though the written contract provides that it comprises
the entire agreement and that no other understanding
or promise will be recognized, relying principally up-
on the case of *Little Co. v. Fynboh,* 120 Wash. 595, 207
Pac. 1064, 211 Pac. 766, in which we said with refer-
ence to that case:

''Appellant's chief contention is that the trial court
erred in admitting oral testimony tending to qualify
or add to the written contract of conditional sale.
The conditional sale contract describes the truck and
trailer by name and number, fixes the amount of the
purchase price and the terms of payment, reserves

title in the vendor until the payments are fully made, contains the usual provisions as to insurance, payment of taxes, non-removal ·from the county, and the like, for the protection of the vendor, but is wholly and entirely without any warranty or guaranty of any kind or nature.

"While in form the cross-complaint seeks recovery upon an implied warranty, yet the allegations are broad enough to support a recovery upon the ground of false representations, though the words 'false' and 'fraudulent' are not used, and if treated from that standpoint, the judgment can be affirmed under the authority of *Warren v. Sheane Auto Co.*, 118 Wash. 213, 203 Pac. 372."

That is a case, however, concerning the sale of a second hand truck and trailer, upon the representation that the truck and trailer would haul two thousand or more feet of logs over a certain roadway inspected by the vendor, when in fact the truck was defective and worn out and would not do the work. We held that the allegations were broad enough to support a recovery upon the ground of false representations. There is no charge of fraud in the sale of the Fordson tractor in question, and it is admitted that the tractor was in good working condition and in no way defective.

Respondent also relies upon the case of *Long v. Five-Hundred Co.*, 123 Wash. 347, 212 Pac. 559. In this case a truck was sold to be used for hauling saw logs and timber products. The order was not for a truck of specific kind or manufacture, and it was not suitable for hauling the logs and timber products for which it was intended to be used. We said with reference to the sale of a definite well-known article:

"These cases (*Hoyt v. Hainsworth Motor Co.*, 112 Wash. 440, 192 Pac. 918, and *United States Cast Iron etc. Co. v. Ellis*, 117 Wash. 601, 201 Pac. 900), it is true, sustain the general principle that, where a known, described and definite article is ordered of a dealer,

who is not the manufacturer of the article, and an article of the known and described kind is delivered, there is no warranty that the article supplied is suitable for the purpose for which the buyer intends to use it, even though the buyer may have made known to the dealer, at the time he gave the order, the intended use, but we think the rule so announced inapplicable to the facts of the present case. The order here was not for a truck of a specific kind or manufacture, but was an order for a truck suitable for hauling logs and timber products. The appellant produced the particular truck and sold it to the respondents, knowing the purpose for which it was intended to be used.''

In the case of *White v. Little Co.*, 118 Wash. 582, 204 Pac. 186, we said:

''The orders contained the clause: 'No verbal agreement recognized.' When the trucks arrived, the contracts were reduced to writing in the form of conditional sale contracts, which are presumed to contain all the elements of their contracts. Under the allegations as to these causes of action it is plain that they are nothing more than efforts to add oral agreements of the parties and thereby vary the contracts, which cannot be done.''

In the case of *Eilers Music House v. Oriental Co.*, 69 Wash. 618, 125 Pac. 1023, we said:

''The court's refusal to admit evidence as to certain representations or warranties alleged to have been made by respondent prior to the execution of the written contract is assigned as error. The court said: 'I sustain the objection to any representations made prior to the execution of this instrument. They ought to be embodied in the instrument.' The ruling was correct. We find nothing in the case to take it out of the rule that express warranties must be found in the written instrument, which was freely executed by the parties. It cannot be added to nor varied by parol testimony as to antecedent negotiations. *Tobin v. McArthur*, 56 Wash. 523, 106 Pac. 180.''

The testimony shows that the Fordson is a well known defined tractor, sold by a dealer and not the manufacturer. There are about one-half million Fordsons in use in the United States. This being true, there is no implied warranty that it is suitable for the purpose for which the buyer intends to use it, even though the buyer may have made known to the dealer the intended use. Since there was no fraud or fraudulent representation claimed in the sale of the same to respondent, and the contract of purchase contained the provision against verbal agreements being recognized, we are satisfied that the court erred in admitting oral testimony of a parol collateral agreement. Under the testimony in this case, however, the respondent purchased the Fordson and equipment for farming purposes, received the same on August 10, 1920, and in the spring of 1921 tendered it back to appellant upon the claim that it would not pull two fourteen inch plows or a seven foot tandem harrow.

Upon complaint of respondent, appellant and his employees at various times assisted respondent in operating the tractor. Upon one occasion, appellant found that there was water in the gasoline tank and when this was removed and gasoline substituted therefor the tractor plowed. In the winter of 1921, respondent claimed that the tractor would not plow. Appellant went to respondent's farm and found that the ground in the field desired to be plowed was covered with ice and water. It was so wet that the wheels sunk up to the hubs. Under these conditions, the tractor pulled the plows, though with some difficulty because of the slipping of the wheels. Plowing should not be done under such conditions, and this is not a proper test for a tractor. We are satisfied from the

record that the tractor in question pulled the two plows under all reasonable conditions.

The judgment of the lower court is reversed and remanded, with directions to enter judgment in favor of the appellant for $450, and interest thereon at eight per cent from and after September 2, 1920, together with attorney's fees and costs.

MAIN, C. J., PARKER, FULLERTON, and TOLMAN, JJ., concur.