[No. 22058.   Department One.   March 5, 1930.]

C. W. CLARK et al., *Respondents*, v. CHARLES L. PARKER
et al., *Appellants*.[1]

*Murphy & Kumm* and *Orville C. Hatch, Jr.*, for appellants.

*Patterson & Patterson*, for respondents.

BEALS, J.—Defendants Parker and Gallup, being copartners in the business of selling heating apparatus, agreed to sell an oil furnace to plaintiffs and install the same in their residence.  The furnace was installed, to be paid for by plaintiffs in monthly installments, and defendants agreed to service the heater for one year.  The apparatus did not work satisfactorily, and plaintiffs, having paid all but $80.23 on account of the purchase price of the furnace, refused to pay that

[1]Reported in 285 Pac. 652.

balance, removed the furnace and installed a furnace of another make.

Defendants sued plaintiffs before a justice of the peace for the balance due on the contract price of the furnace, whereupon plaintiffs instituted this action, seeking recovery of substantial damages from defendants on account of alleged false and fraudulent representations on the part of defendants, which plaintiffs contended induced them to purchase from defendants the unsatisfactory heater which defendants installed in plaintiffs' home.

Defendants then dismissed their action before the justice of the peace and filed herein their answer and cross-complaint, in which they denied the allegations of plaintiffs' complaint and sought an affirmative judgment for the balance due on the contract. After a lengthy trial, the superior court entered findings of fact and conclusions of law in plaintiffs' favor, together with a judgment in accordance therewith for $382.02, being the amount paid by plaintiffs on account of the purchase price of the furnace, plus $56 on account of damages to draperies, etc., because of an explosion, and less $50 which the court found to be the reasonable value of an oil tank which was retained by plaintiffs and used in connection with the installation of the second furnace purchased by plaintiffs, and for which plaintiffs received a credit on account of the cost of the second furnace.

From this judgment, defendants appeal, assigning error upon the admission of testimony, upon the finding of the trial court to the effect that defendants had been guilty of fraud in the transaction and that plaintiffs had relied upon defendants' representations, upon the assessment of damages by the court, upon the entry of judgment against them, and upon the refusal of the

trial court to grant defendants judgment against plaintiffs as prayed for in the cross-complaint.

█ The trial court, over appellants' objection, admitted testimony as to representations made by appellants to third parties in regard to an oil furnace which appellants contend was a different furnace from that sold by appellants to respondents. The action having been tried to the court, we may assume that any incompetent testimony was disregarded, unless it clearly appears that the same was relied upon by the trial court in making its findings of fact and conclusions of law and entering its judgment. Assuming that some of the testimony of which appellants complain was in fact immaterial and incompetent, we cannot say that its admission constitutes reversible error and requires the reversal of the judgment appealed from. In considering the facts, we disregard all such incompetent evidence.

█ In regard to the operation of the furnace in question, we are clearly of the opinion, as was the trial court, that the same was a complete failure. Appellants willingly complied with their agreement to service the plant for a year from the time of its installation, and responded to many calls for aid, always apparently doing the best they could to induce the furnace to perform its proper functions. It clearly appears, however, that their efforts were in vain, and that the furnace contained within itself some inherent vice which could not be overcome by treatment or adjustment, and which, as the trial court remarked, rendered it comparable to the afflictions visited upon the patriarch Job. Its antics culminated in an explosion, which filled respondents' dwelling with heavy oil smoke, damaging their draperies and other articles of use and adornment and nearly setting their house on fire.

Appellants contend that the evidence shows that respondents did not rely upon appellants' representations concerning the furnace, but investigated the same on their own account. While it is true that respondents did make some such investigation, as was natural and proper, we are satisfied that they also relied upon appellants' representations and placed confidence therein, and believed that appellants were men of skill, experience and judgment, and that statements made by them concerning the furnace and its promised performance should be relied upon.

Appellants next contend that respondents failed to prove any fraud, and that their action, if any, should have been based upon breach of warranty and not upon the ground that appellants made false and fraudulent representations upon which respondents relied to their prejudice. Somewhat similar facts were discussed in the cases of *Warren v. Sheane Auto Co.*, 118 Wash. 213, 203 Pac. 372, and *Little Co. v. Fynboh*, 120 Wash. 595, 207 Pac. 1064, 211 Pac. 766. From the record before us, we are of the opinion that the findings of the trial court might properly have been entered upon either ground. That court had the advantage of seeing and hearing the witnesses, and under repeated decisions of this court, the findings entered will not be held erroneous unless it appears that the weight of the evidence preponderates against them. In this case we cannot hold that the evidence so preponderates.

Appellants contend that the trial court erred in allowing them a credit of only $50 for the tank and connections which the respondents retained, and which were used as part of the second furnace which respondents installed. In this connection, it appears beyond question from respondents' testimony that, in purchasing the second furnace, they were allowed a credit of $75 for the tank and connections, and we agree with

appellants that the trial court allowed them $25 too little upon this item. The judgment of the trial court is modified by allowing appellants a further credit in the sum of $25. With this modification, the judgment appealed from is affirmed.

Neither party to this action will recover costs in this court.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.