[No. 13339.  Department Two.  October 20, 1916.]

E. N. GRUBB *et al.*, *Appellants*, v. C. P. HOUSE, *Respondent*,
    GEORGE W. HARDENBURGH, *Defendant*.[1]

LIMITATION OF ACTIONS—FRAUD—TIME OF DISCOVERY.  An action
for fraudulently representing that a well on premises leased to plain-
tiffs contained an abundant supply of pure water, is barred by the
statute of limitations if not commenced within three years after
taking possession when plaintiffs must have discovered the fraud.

EVIDENCE—PAROL—TO VARY WRITING—LEASE — CONTEMPORANEOUS
WARRANTY.  Where a written lease of hotel property is complete in
itself, a prior or contemporaneous oral warranty as to the water in a
well on the leased premises cannot be shown.

EVIDENCE—PAROL—TO VARY WRITING—DIFFERENT CONSIDERATION—
FRAUDS, STATUTE OF.  Where a lease of a hotel building for a five-year
term was unacknowledged, it is inadmissible to show by parol, as an
additional consideration for the full term, that the lessees, hotelmen
of reputation, agreed to build up a patronage from which no revenue
was expected at first; since no consideration was paid that went to
the entire term, no recognition of the lease was made within one
year prior to its expiration, and no permanent improvement was
made by the lessee; and in such case it is inadmissible to show by
parol a different consideration that modifies the legal effect of the
lease.

FRAUDS, STATUTE OF — LEASE — PERMANENT IMPROVEMENTS — GOOD
WILL.  The good will of a lessee's hotel business does not operate as
a permanent improvement by the lessee so as to remove the bar of
the statute of frauds as to an unacknowledged lease for five years.

Appeal from a judgment of the superior court for Okan-
ogan county, Pendergast, J., entered May 7, 1915, upon sus-
taining demurrers to the complaint, dismissing an action for
wrongful eviction, tried to the court.  Affirmed.

*C. H. Neal* and *Smith & Gresham*, for appellants.

*J. W. Faulkner* (*Chas. A. Johnson*, of counsel), for re-
spondent.

MAIN, J.—This action was brought by the plaintiffs, as
lessees of a certain hotel, for the purpose of recovering dam-

[1]Reported in 160 Pac. 421.

ages alleged to be due to a wrongful eviction. In the third amended complaint, it is sought to state separately two causes of action. To the first, a demurrer was interposed and sustained. To the second, a motion to strike certain paragraphs of the complaint was made, and this motion was sustained by the trial court. The motion seems to have been treated by the trial court as a demurrer, and the parties now treat it the same. While in form a motion, it will be here treated as a demurrer. After the demurrer had been sustained and the motion to strike granted, the plaintiffs refused to plead further and elected to stand upon the complaint. Judgment was entered dismissing the action. From this judgment, the appeal is prosecuted.

On the 31st day of October, 1908, a certain hotel building, located in the town of Oroville, Washington, was leased to the appellants for a term of five years beginning on the first day of January, 1909, and terminating on the first day of January, 1914. This lease is complete and formal in every respect, except that it was not acknowledged. Appellants went into the possession of the hotel under the terms of the lease, and occupied the same until the 31st day of December, 1912, at which time they vacated the premises in response to a notice to quit served upon them by the owners.

The lease, being unacknowledged, it is recognized by the appellants as invalid for the five-year term, unless the facts alleged are sufficient to remove the bar of the statute of frauds.

The first cause of action is based upon an oral representation alleged to have been made at the time the lease was entered into. This representation is to the effect that the well upon the premises which supplied water to the hotel contained a perpetual and abundant supply of good pure water, fit and suitable for drinking and other purposes. These representations are alleged to be false and untrue, and known to be such by the owners, but unknown to the appellants. The appellants treat the allegations of this cause of action as a charge

of fraud. The respondent treats them as an attempt to allege a prior or contemporaneous oral warranty.

If, in this cause of action, there is an attempt to charge fraud, then no cause of action is stated because the action is not begun in time. Possession of the property was taken under the lease on the first day of January, 1909. The present action was not instituted for more than three years thereafter. At the time possession was taken or very soon thereafter, the appellants must have known, if such be the fact, that the well did not contain a supply of pure and wholesome water.

If the allegations are intended to show the breach of a prior or contemporaneous oral warranty as to the water in the well, no cause of action is stated. On this question the rule is that, where the instrument is complete in itself, evidence of a prior or contemporaneous warranty is inadmissible. *Eilers Music House v. Oriental Co.*, 69 Wash. 618, 125 Pac. 1023; *Pacific Aviation Co. v. Philbrick*, 67 Wash. 414, 121 Pac. 864.

By the allegations in the second cause of action, there is apparently an attempt to remove the case from the operation of the statute of frauds, either by showing a consideration that goes to the entire term, or a permanent improvement during the time of the occupancy of the hotel.

It is alleged that, at the time the lease was executed, the appellants were efficient and popular hotel keepers and, as such, enjoyed a splendid reputation throughout the state; that the hotel, at the time and prior thereto, was vacant and producing no revenue; that, in order to build up the name of the hotel and make it popular and revenue producing, the owners sought the appellants as tenants; that it was known to both parties to the contract, at the time the lease was executed, that it would take months if not years to obtain sufficient patronage to pay running expenses; that profits could not be expected until the latter part of the five-year lease; and that all the parties understood that the sole in-

ducement to the appellants for entering into the lease was that it should continue for five years. It is further alleged that, after the appellants took charge of the hotel, it was operated at a loss for a time; that, at the time the house was vacated, it was being operated at a profit, and had been given a lasting and valuable reputation as a first-class house.

In support of this cause of action, the case of *Matzger v. Arcade Building & Realty Co.*, 80 Wash. 401, 141 Pac. 900, L. R. A. 1915A 288, is cited; but that case is distinguishable. There "A," the tenant, at the time of making the lease, paid a consideration which went to the entire term in addition to the rental to be paid at stated periods throughout the term; "B" put in a new front in the storeroom upon the faith of the lease; and "C," the manager of defendant company, recognized the lease as valid within one year prior to its expiration. In this case, no consideration was paid for the lease which went to the entire term, no recognition of the lease as valid was made within one year prior to its expiration, and no permanent improvement was made by the lessee.

If the oral understanding of the parties, as alleged, can be shown under the guise of proving a different consideration than that mentioned in the written instrument, it would modify or change the legal operation and effect of the lease which is complete in itself. While it is a familiar rule that a consideration additional to that mentioned in a written contract may be proved by parol evidence, it is also well settled that this may not be done where the proof of such additional consideration by parol evidence would change or alter the legal operation and effect of the written contract, or add new matter to a stipulation of the contract complete on its face. *Smith Sand & Gravel Co. v. Corbin,* 81 Wash. 494, 142 Pac. 1163; *Union Machinery & Supply Co. v. Darnell,* 89 Wash. 226, 154 Pac. 183; *Erfurth v. Erfurth,* 90 Wash. 521, 156 Pac. 523.

No authority has been presented which would sustain the proposition that the good will of a business may operate as

a permanent improvement to the freehold so as to remove the bar of the statute of frauds. The very nature of the good will is such that it could not well be considered permanent.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.