### SILVERTHORNE et al. v. McFARLAND et al.

(Circuit Court of Appeals, Fourth Circuit. April 6, 1920.)

No. 1762.

Evidence ⬯442(6)—Incomplete written contract may be supplemented by parol.

    Where the only writings evidencing a contract for sale of lumber from mills were orders made by purchasers, one stating "as per agreement," parol evidence as to the terms and conditions of the contract *held* admissible, in an action for its breach.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action by James B. McFarland and others against Mary H. Silverthorne and A. E. Silverthorne, partners doing business as the Martins Mill Company. Judgment for plaintiffs, and defendants bring error. Reversed.

William T. Aycock, of Columbia, S. C. (Weston & Aycock, of Columbia, S. C., on the brief), for plaintiffs in error.

J. N. Nathans, of Charleston, S. C. (Nathans & Sinkler, of Charleston, S. C., on the brief), for defendants in error.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

KNAPP, Circuit Judge. Plaintiffs in error, defendants below, are manufacturers of lumber at Martins, S. C., under the trade name of Martins Mill Company. Defendants in error, plaintiffs below, are

lumber dealers at Philadelphia. The suit is for breach of contract for failure to deliver a quantity of lumber sold by defendants to plaintiffs in the winter and spring of 1917. The complaint sets out four causes of action, based upon four contracts or four orders for lumber at various dates stated, but as all of them involve the same dispute they may be treated as a single transaction. The answer admits the making of the contract, but alleges that it was subject to certain conditions, among others, that it was not to be binding in case defendants were unable to get cars, or unable to prepare the lumber by reason of labor troubles or labor shortage. Testimony offered by them as to these conditions was excluded by the trial court, on the ground that the entire contract was in writing, and the correctness of that ruling is the only question which needs to be discussed.

The contract was entered into on the 8th of February, 1917, when Mr. Addison, one of the plaintiffs, had an interview at Martins with the defendant A. E. Silverthorne. On the same day, as appears, Addison wrote and left with Silverthorne this letter, addressed to Martins Mill Co. and signed by him for his firm:

"Gents: We are entering your order as per agreement for following: [Here follows a description of the lumber ordered.]"

This letter is simply what it purports to be, an order for certain lumber. It specifies the sizes and lengths, all "rough K. D. Box," number of cars and price of each size, dates of delivery f. o. b. Philadelphia, and nothing else; and this is all that appears in the shipping instructions sent from Philadelphia two days later. The kind of lumber, whether pine or other wood, is not stated, nor are the terms of payment. The subsequent orders, however, state in most instances that the lumber was to be pine and the terms "usual."

Was the contract between the parties so fully expressed in writing as to require exclusion of the testimony offered by defendants? We are of opinion that this question should be answered in the negative. The writing relied upon by plaintiffs is not in the ordinary form of a contract, and does not in terms purport to embrace the entire agreement. It is merely, as just stated, an order for specified lumber; and it begins with the very significant phrase, "as per agreement." On the face of it this phrase implies a prior agreement in pursuance of which, or in performance of which, the particular order was given. We think it fairly inferable that this letter or order was not understood to include all the terms and conditions of the contract, and this view is confirmed by certain statements that appear in the subsequent correspondence. Some question seems to have arisen almost at once as to the terms of payment, and plaintiffs' note of February 17th, replying to a letter of defendants on that subject, says they will change the orders to read in accordance with the terms named by defendants, and they add:

"The error was made, lacking advices from our Mr. Addison as to how he had purchased the stock."

Again, under date of March 23d, the plaintiffs write a letter in which they say:

"While we are endeavoring to secure permits for this stock, yet you will note on the order that you are permitted to ship same by the.B. & O., in which case we will absorb the 2-cent arbitrary, so that we are complying with your condition that shipments must be open as soon as you have the stock ready."

This also seems to support the contention that the contract was in fact made upon certain conditions, which were not disclosed in the letter above quoted. In short, we are constrained to hold that the facts of record bring the case within the rule that, where the parties to a contract have not put all its provisions into writing, evidence of a separate oral agreement is admissible as to terms or conditions, not inconsistent with those expressed, on which the document is silent, especially where, as here, the court may infer from the circumstances of the case that the parties did not intend the writing to show the entire undertaking. Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 517, 12 Sup. Ct. 46, 35 L. Ed. 837. An illustration of the principle directly applicable to the instant case is found in Burke v. Dulaney, 153 U. S. 228, 233, 14 Sup. Ct. 816, 818 (38 L. Ed. 698) as follows:

"And the evidence offered by the appellant, and excluded by the court, did not in any true sense contradict the terms of the writing in suit, nor vary their legal import, but tended to show that the written instrument was never, in fact, delivered as a present contract, unconditionally binding upon the obligor according to its terms from the time of such delivery, but was left in the hands of Dulaney, to become an absolute obligation of the maker in the event of his electing, upon examination or investigation, to take the stipulated interest in the property in question. In other words, according to the evidence offered and excluded, the written instrument, upon which this suit is based, was not—except in a named contingency—to become a contract, or a promissory note which the payee could at any time rightfully transfer. Evidence of such an oral agreement would show that the contingency never happened, and would not be in contradiction of the writing."

Without further citation of authorities, it is enough to say that in our judgment the defendants were entitled to show, if they could, that the contract in question was subject to the conditions alleged by them as to car supply and labor shortage. The judgment will therefore be reversed, and the cause remanded, with instructions to grant a new trial.

Reversed.