[No. 17068.    Department Two.    September 28, 1922.]

L. H. PRUITT et al., Respondents, v. D. T. STRITEHOFF et al., Appellants.[1]

LIMITATION OF ACTIONS (56)—FRAUD—DISCOVERY OF FRAUD— EVIDENCE—SUFFICIENCY. The evidence sustains findings that a cross complaint for fraud in misrepresenting the amount of available water for irrigation was barred by discovery of the fraud during a season more than three years before commencement of the action, where it appears there was then a great shortage of water, due to a prior contract absorbing all the water at that time, which contract was then known to the cross complainant.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered September 20, 1921, upon findings in favor of the defendants, dismissing an action to quiet title, tried to the court. Affirmed.

Corbin & Easton, for appellants.

N. W. Washington, for respondents.

[1]Reported in 209 Pac. 675.

MAIN, J.—The plaintiffs brought this action for the purpose of quieting title to certain real estate against an outstanding contract, and for the possession of the land and also the personal property thereon. The defendants answered the complaint by admissions and denials, and filed a cross-complaint in which they sought damages on account of alleged false and fraudulent representations which had induced them to purchase the property. The charges of fraud in the cross-complaint were denied by the plaintiffs. The trial to the court without a jury resulted in findings of fact, conclusions of law and a judgment which dismissed the action of the plaintiffs on the ground that sufficient notice of forfeiture had not been given prior to the commencement of the action. The cause of action set up in the cross-complaint was dismissed on the ground that it was barred by the statute of limitations. The defendants and cross-complainants appeal. No appeal was prosecuted by the plaintiffs.

On December 4, 1916, the respondents sold to the appellants a tract of land consisting of approximately 400 acres, together with a water right incident thereto. Shortly after the sale, the appellants went into possession of the land and have remained continuously in possession up to the time of the trial of the action. It is claimed that the sale was induced by fraud, in that there was misrepresentation as to the number of acres susceptible of cultivation and irrigation, and also as to the amount of water which was available for irrigation, watering of stock and domestic purposes. Prior to the time that the sale was made, the respondents had sold to one F. P. Grover certain water rights which authorized him to supply the town of Ephrata and the Great Northern Railway Company at that point. This contract was known to, and read by, the appellant

D. T. Stritehoff prior to the entering into of the contract out of which this action arose. During the farming season of the year 1917, as shown by the testimony of Stritehoff, there was a great shortage of water. During this season he complained to the respondent L. H. Pruitt with reference thereto. The trial court found that:

"The court finds that the defendants were fully informed and advised relative to the area of irrigable land and quantity of water available for irrigation and domestic uses prior to September 15th, 1917; that said cause of action did not accrue within three years from the time this action was originally commenced by plaintiffs, or within three years from the time when defendants instituted their action by way of cross-complaint and is barred by limitation."

The action of the respondents for forfeiture was begun in December, 1920. The cross-complaint was filed in March, 1921. If the appellants had knowledge of the shortage of water and that there was less land subject to cultivation and irrigation than had been represented to them prior to September 15, 1917, as found by the trial court, then the action is barred by the statute of limitations, not having been begun within three years from the time the knowledge of the fraud was acquired. It is claimed that the appellants did not discover the facts which constituted the fraud, as found by the trial court, within the time there specified because of their lack of experience with irrigated lands and because of misleading statements of the respondent L. H. Pruitt. If the shortage of water and the diminution in the land subject to cultivation and irrigation were as great as the appellants claim, and as their evidence tends to show, they must have had knowledge of the misrepresentations which had been made to them during the farming season of the year

1917. It seems hardly possible that they could have farmed the land with the small amount of water available and not have known that they had been deceived when the contract was entered into, if the representations had been made which they now rely upon. The effect of the court's finding cannot be avoided by the claim that, when complaint was made during the summer of 1917 that there was a shortage of water, Pruitt said that it was on account of water then being taken under the Grover contract and by the Great Northern Railway Company. The contents of this contract were known to the appellants at the time they entered into the contract to purchase the property. The case turns upon the facts, as is indicated by what has already been said. Without reviewing the evidence in detail, it may be said that a careful consideration of it has lead us to the belief that the finding of the trial court should be sustained.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.