### SOOKE HARBOUR FISHING & PACKING CO., Limited, v. McCALLUM et al.

(District Court, W. D. Washington, N. D. November 28, 1924.)

No. 8924.

Evidence ⚖⇒441(9)—Written contract for sale of season's catch of salmon cannot be affected by showing oral warranty of quality.

A definite and complete written contract for the sale to defendant of plaintiff's catch of salmon in specified waters during the season, "excepting thereout such amount as may be necessary to supply the fresh fish trade of Victoria during the said season," cannot be qualified by showing a prior or contemporaneous oral agreement that the fish were to be such as were fit for a special purpose.

At Law. Action by the Sooke Harbour Fishing & Packing Company, Limited, against Alexander J. McCallum and Gregory Legaz, doing business as the McCallum-Legaz Fish Company. On motion to strike out affirmative defense and counterclaim. Granted.

The plaintiff alleges that on the 24th day of February, 1924, it entered into a written contract with the defendants, in which the defendants agreed to purchase all the spring salmon caught in the traps operated jointly by the vendor (plaintiff) and J. H. Todd & Sons in the vicinity of Sooke, Vancouver Island, during the summer of 1924, "*excepting thereout such amount as may be necessary to supply the fresh fish trade of Victoria during the said season.*" It is then provided where the fish shall be delivered, the price to be paid, and other stipulations not material to this issue. It is then alleged that the plaintiff fished in the vicinity designated and offered to deliver to the defendants all of the spring salmon so obtained; that defendants, in accordance with said agreement, accepted the delivery of all salmon obtained until the 8th day of July, 1924, and after said date wrongfully refused to take or receive any salmon and repudiated the contract; that plaintiff was thereupon compelled to sell during the remainder of the fishing season all salmon "not necessary to supply the fresh fish trade at the city of Victoria," in the open market, which price was less than the price agreed upon between plaintiff and defendants, and that by reason of additional cost of handling, transportation, ice, and the incidental charges connected with such sales, the plaintiff lost and was damaged to the amount of $8,582.56, no part thereof having been paid, except $38.70, the balance of a credit charge due to the defendants, and then prays judgment for the sum of $8,543.86.

The defendants answer, admitting the contract and the receipt of some of the fish, deny other allegations of the complaint, and deny any damage due plaintiff, and for a separate and affirmative defense allege in substance that prior to entering into the agreement certain representations or statements were made by the plaintiff to the defendants in pursuance of said agreement that the salmon would be " * * * of first quality, suitable for mild curing, that said

salmon would be large and fat, plaintiff well knowing that defendants desired to purchase fish for mild cure purposes and for no other purpose, and that to be suitable for mild cure purposes salmon must be fat and of good sound flesh," and then state that the salmon were "very thin, lean fish, of poor quality, and totally unfit for mild cure purposes, or for any other purpose suitable to defendants' needs," and defendants further state that by reason of the inferior quality of the salmon furnished, and the failure to furnish salmon suitable for "mild cure" purposes, the defendants were damaged, and pray judgment against the plaintiff for $9,836.49.

The plaintiff moves to strike the affirmative defense and counterclaim on the ground that the same is sham and frivolous.

A. W. Buddress, of Seattle, Wash., for plaintiff.

Roberts & Skeel, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above). The contract is in writing, definite and complete; it is couched in terms which import a complete obligation. There is an absence of fraud, accident, or mistake in its execution. It is conclusively presumed that the entire engagement, the extent and manner of the undertaking, is embodied in the writing. Seitz v. Brewers' Refrig. Mach. Co., 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837; Chesapeake & V. C. Co. v. R. B. C. Co. (C. C. A.) 291 F. 1011; Inner Shoe Tire Co. v. Treadway et al. (C. C. A.) 286 F. 838; Silverthorne et al. v. McFarland (C. C. A.) 266 F. 60. The contract being complete in itself, a prior or contemporaneous oral warranty as to the quality of the fish cannot be shown. Grubb v. House, 93 Wash. 200, 160 P. 421. The contract upon its face negatives the allegation in the affirmative defense as to the quality of fish for a special purpose. The fish were such *as may be necessary to supply the fresh fish trade of Victoria during said season.* The fish would not be taken from a private stock. They were not owned by the plaintiff, cared for and fed by it, but were feræ naturæ.

The agreement of the plaintiff was primarily the catching of fish at a designated point in the waters of the sea, and delivering them to the defendants for a stipulated price. The defendants knew as much about the quality of the fish as the plaintiff. If the fish had been unfit for the *fresh fish*

2 F.(2d)—64

*trade of Victoria,* or been reduced to the plaintiff's possession, been under its custody and control, and responsibility thereby resting upon the plaintiff to care for the fish, the relation would be different; but when taken from the wild state, from the waters of the ocean, and the agreement being limited to the catching and delivering at the designated point, the presumption on the record is conclusive that there was no warranty as to kind or character. The cases cited by the defendants have no application. If understood that the fish were for a particular purpose, the specific fish contracted for were caught at the designated place and in the agreed manner during the time stipulated, and furnished the vendee. No express warranty was exacted, the risk for fitness for the intended use was assumed, and implied warranty may not now be invoked.

The motion to strike is granted.