[No. 33655. Department One. March 28, 1957.]

CYRIL VINNEAU, *Respondent*, v. OTTO GOEDE, *Appellant*.[1]

*Henry Opendack* and *George Elmer Brown*, for appellant.

FOSTER, J.—This is an appeal from a final judgment awarding respondent damages for the appellant's misrepresentations in the sale of a fifteen-acre uncultivated tract of land in Spokane county.

By an executory contract of sale dated February 3, 1954, the total price was twenty-six hundred dollars, six hundred dollars of which was paid down and the balance was to be paid in thirty-dollar monthly installments.

Respondent intended to make his home on the property and, consequently, was concerned with the water supply. Appellant misrepresented the well which was the sole water

[1] Reported in 309 P. (2d) 376.

supply for both domestic and agricultural uses and assured respondent it was adequate for all purposes. After the purchase, but before moving onto the property, respondent tested the water in a superficial way but relied upon the repeated reassurances of the appellant that the difficulty would clear up. Up to the time this action was started, appellant repeatedly reassured the respondent the water supply was sufficient for all purposes; whereas, in truth and in fact, it was inadequate for any purpose and unfit for human consumption.

In July, 1954, when the unpaid balance on the purchase price was $934.76, appellant advised respondent he was badly in need of money and that he would compromise the unpaid balance, which was not then due, for eight hundred dollars in cash. This respondent paid appellant July 22, 1954.

In the May following, that is 1955, respondent employed experienced well drillers to inspect the well and repair the damage. It was then found that the well was only ninety-five feet deep and did not reach the water table; in consequence of which it was necessary to increase the depth of the well to two hundred five feet, at which point the water table was reached and an adequate water supply obtained.

Upon overwhelming evidence, the court found for the respondent on all factual issues and made comprehensive findings of fact, against only one of which is error assigned. In finding of fact No. 8, set out in the margin,[2] the

[2]"That the plaintiff although (sic) paid off the contract on or about the 22nd of July, 1954, at the request and suggestion of the defendant, due to prior illness and need, that there was no intention of Mr. Goede at that time to inclued any difference in price between the land and water supply as represented and what existed as a result of the fraudulent misrepresentation by the defendant, that there was no intention that this item should be settled or waived and that it did not have any part as a consideration in the new contract, either expressed or implied, and that further the defendant continued, at the time of the plaintiff's paid up the old contract, to represent to the plaintiff that the well was a good well and that such representations continued up until May, 1955, at which time it was discovered that the aforementioned well was totally inadequate to meed the needs of the plaintiff. That no waiver of plaintiff's rights occured."

court found that the cash settlement of the unpaid balance was at appellant's request because he was urgently in need of funds. The court found no discount was made because of the lack of water.

The appellant assigns error upon the entry of finding of fact No. 8 and contends there was a waiver of respondent's fraud action, and cites a line of cases collected in the margin,[3] holding that if, with full knowledge of the facts, a supplemented contract is made, the fraud is waived. In any event, waiver is a matter of intent,[4] and the court found upon overwhelming evidence that there was no intent to waive.

▋ There is no occasion to review those cases. It is sufficient for present purposes to say that the findings of the trial court are abundantly supported by the evidence; in fact, the evidence preponderates. The cases relied upon have no application here because respondent relied upon appellant's continuous fraudulent representations in ignorance of the facts, which were not learned until May of 1955, and promptly thereafter brought this action. There can be no waiver without knowledge of the facts.

The judgment is affirmed.

SCHWELLENBACH, DONWORTH, FINLEY, and ROSELLINI, JJ., concur.

---

[3] *Bonded Adjustment Co. v. Anderson*, 186 Wash. 226, 57 P. (2d) 1046, 106 A. L. R. 166; *Keylon v. Inch*, 178 Wash. 522, 35 P. (2d) 73; *Pruitt v. Stritehoff*, 121 Wash. 330, 209 Pac. 675; *Grubb v. House*, 93 Wash. 200, 160 Pac. 421; *Tipton v. Ellsworth*, 18 Idaho 207, 109 Pac. 134.

[4] 37 C. J. S. 362, § 69; 24 Am. Jur. 34, § 209.